UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARRYL BEASLEY, JR., (Booking No. 23708159),<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPT., et al.,<br>　　　　　　　　　　Defendants. | Case No.: 23cv1203-DMS (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] and**<br><br>**(2) DISMISSING COMPLAINT PURUSANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1))** |

Plaintiff Mark Darryl Beasley, Jr., incarcerated at the Las Colinas Detention and Reentry Facility in San Diego, California, proceeding pro se, has filed a civil rights Complaint along with a Motion for leave to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.) Plaintiff alleges his civil rights were violated by four San Diego Sheriff's Department Deputies and a San Diego County Superior Court Judge in connection to an investigation leading to criminal charges against him. (ECF No. 1 at 2-5.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  The plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

      Plaintiff's inmate trust account statement shows average monthly deposits of $180.73 and an average monthly balance of $0.03 over the 6-months prior to initiating this suit, and an available balance of $0.20 at the time of filing.  (ECF No. 2 at 4.)  The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have no means to pay it.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b)**

    **A.     Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both

(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

Plaintiff alleges that a week after being released from the San Diego County Jail after having been found not guilty by a jury, he "was harassed, stalked and gang stalked by the San Diego County Sheriff's Department." (ECF No. 1 at 3.) He states that El Cajon Police Officers followed him to La Mesa where they stopped him for speeding. (*Id.*) The officers searched his car and his person without consent or a warrant, issued him a citation and let him go. (*Id.*) "Days later the San Diego Sheriff's Department comes to a motel located [in El Cajon] with a K-9 unit dog named Moose with no warrants for my arrest at a room not in my name and I did not reside in the room they trashed the room and accused me of mailing drugs into the San Diego County Jail GBDF to my twin brother." (*Id.*) Plaintiff states he was charged with three counts of willful cruelty to a child without injury or death and possession of a controlled substance. (*Id.*) Plaintiff alleges:

> The investigation was made up full of lie's and I never was found with drugs. No drugs were found on me. The residue bag was found in a room that was not mine and 4 days of no proper investigation of me even at the room. The room was not in my name at all. See on page 8 of discovery for case #22124344 (the People of California vs. Mark Beasley.)
>
> The room was trashed by law enforcement beyond living standard's for the kids and made to be beleaved it was the person who resided in the room but was not me. Detective Kearney trashed the room with a dog. Dog urine was found when I came to the room with dog hair sheding's after I got a call about what had happened. The Judge approved a warrant allowing theas deputys to work un profationaly under Franci's supervision who is a curpral in the investigation. Who I believe who has ties to District Aterony Shandra who's daughter is Mellissa Estradra who I had sexual relationship which purducs children with. District Aterony Shandra has it out for because my twin brother also has children with Mellissa Estrada but is serving time involving a damestic volecne between Mellisa Estrada the D.A. dargter and my brother.

(*Id.* at 4-5.)

|   |   |
|---|---|
| 1 | Plaintiff names as Defendants the San Diego County Sheriff's Department, San Diego County Sheriff Narcotics Detective Investigator Gardiner Francis, San Diego County Sheriff "DIU - Detention Investigator" Borboa Anthony, San Diego County Sheriff Deputy Braun Aaron, San Diego County Sheriff Deputy Detective Kearney and San Diego County Superior Court Judge Frank Birchak. (*Id*. at 2.) He seeks eight hundred million dollars in damages and an injunction providing him with "all legal documents that have to do with" his ongoing criminal case. (*Id*. at 7.) |

### C. Application of 28 U.S.C. § 1915(e)(2) & § 1915A(b)

Of the six Defendants named in the Complaint, there are allegations against only four. Plaintiff claims Defendant Judge Birchak approved a warrant which allowed Defendant Detective Kearney to search and trash a motel room Plaintiff did not reside in or occupy, and that Defendant Detective Francis supervised an unprofessional criminal investigation, all leading to criminal charges against Plaintiff, and all as a result of stalking and harassment by Defendant San Diego Sheriff's Department. (ECF No. 1 at 3-5.) There are no allegations against Defendants Aaron or Anthony.

Plaintiff has not stated a claim against Defendant San Diego Sheriff's Department because a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dep't of Social Servs*., 436 U.S. 658, 690-91 (1978). Rather, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007), citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (a *Monell* claim requires a showing of "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") Plaintiff does not allege facts which plausibly support a claim that any alleged constitutional violation was the result of a policy, custom or practice instituted by the San Diego Sheriff's Department.

Plaintiff is unable to state a claim against Defendant Judge Birchak for issuance of a warrant in his criminal proceedings because a state judge is absolutely immune under

§ 1983 from civil liability for acts performed in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'")

Plaintiff has not stated a claim against Defendant Detective Kearney based on allegations that a motel room was "trashed" during a search and the evidence seized therein was used to file criminal charges. Within the meaning of the Fourth Amendment, "[a] 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Plaintiff states that the Defendant was acting with the authority of a warrant issued by Judge Birchak, and there are no allegations Plaintiff had a possessory interest in the room, that the warrant was facially invalid, or the search exceeded the scope of the warrant. *See Maniquez v. Ensley*, 46 F.4th 1124, 1129-30 (9th Cir. 2022) (facial invalidity of warrant or search exceeding scope of warrant are necessary to state a Fourth Amendment violation), citing *United States v. Leon*, 468 U.S. 897, 922 (1984) ("[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."); *Alderman v. United States*, 394 U.S. 165, 174 (1969) (holding that Fourth Amendment rights are personal and "may not be vicariously asserted.") Plaintiff has not stated a claim against Defendant Francis for conducting an unprofessional investigation "full of lies" because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678 (a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.")

Plaintiff has not stated a claim against Defendants Aaron and Anthony because there are no allegations regarding them in the Complaint, nor with respect to the allegations he was stopped in his car and searched because no Defendants are alleged to have been

involved. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding that a plaintiff must allege he suffered a specific injury from a defendant's action and an affirmative link between the injury and the defendant's conduct); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'"), quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, the Court *sua sponte* dismisses the Complaint based on a failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.

### D. Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants him leave to amend his Complaint to attempt to sufficiently allege a § 1983 claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Conclusion and Orders

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2. **ORDERS** the Watch Commander of the Los Colinas Detention and Reentry Facility or any subsequent "agency having custody" of Plaintiff to collect from Plaintiff's trust account the $350.00 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3. **DIRECTS** the Clerk of Court to serve a copy of this Order on the Watch Commander, Los Colinas Detention and Reentry Facility, 451 Riverview Parkway, San Diego, California 92071;

4.      **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  August 1, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court